E-FILED
Friday, 02 December, 2005  02:37:21 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DUNCAN J. MCNEIL III,

   Plaintiff,

vs.                                                                                             No. 05-3286

UNITED STATES et al.,

   Defendants.

## ORDER

   The plaintiff, currently incarcerated in Spokane County Jail in Washington, filed this action in federal court against the United States and various other federal agencies, along with a petition to proceed *in forma pauperis*. A look at the court's computerized record of cases ("PACER") shows that the plaintiff has filed at least 50 similar lawsuits in federal district courts throughout the United States in 2005. (http://pacer.uspci.uscourts.gov, query: McNeil, Duncan J., All Courts).

   The Prison Litigation Reform Act does not allow a prisoner to proceed *in forma pauperis* if that "prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim . . ., unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

   The plaintiff has brought 3 or more actions while incarcerated that were dismissed as frivolous. *McNeil v. U.S. et al.*, 05-CV-1633 (N.D. Ga. 2005)(7/11/05 Order dismissing case under 28 U.S.C. Section 1915(g) and listing prior cases dismissed as frivolous). The Court therefore cannot grant the plaintiff's petition to proceed *in forma pauperis*. The plaintiff does allege that he is "presently under 'imminent danger' of serious physical injury . . . as defined by 28 U.S.C. Section 1915(g), due to acts of intentional indifference to the plaintiff's health, safety & welfare, in direct retaliation and retribution in response to the plaintiff's lawful attempts to exercise his constitutional rights to the execution and enforcement of the 'foreign judgments.'" (d/e 1, pp. 4-5). However, even assuming (without deciding) these allegations qualify for the imminent danger exception, that action could not be brought in the Central District of Illinois. The plaintiff is incarcerated in Spokane, Washington. The imminent danger he is allegedly suffering must necessarily be occurring in Spokane, Washington, and all the defendants subjecting him to imminent danger must also be in Spokane. This Court is therefore the wrong venue for an imminent danger claim by the plaintiff. 28 U.S.C. § 1391(b).

   IT IS THEREFORE ORDERED THAT this case is dismissed, without prejudice, pursuant to 28 U.S.C. Section 1915(g). To the extent the plaintiff states a claim that he is under imminent danger of serious physical injury within the meaning of 28 U.S.C. § 1915(g), that claim is dismissed for improper venue pursuant to 28 U.S.C. § 1391(b) and Fed. R. Civ. P. 12(b)(3).

Entered this   2nd  Day of  December, 2005.

                                                             **s\Harold A. Baker**

                                                  HAROLD A. BAKER
                                       UNITED STATES DISTRICT JUDGE